UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ASHWOOD COMPUTER CO., INC., :
10671 Techwoods Circle, Suite B :
Cincinnati, Ohio 45242 :
 :
    Plaintiff, : Case No. ___26-cv-231_____
 :
v. : Judge _____
 :
 : COMPLAINT FOR
 : FRAUDULENT TRANSFER
ZUMASYS, INC., :
1050 Calle Amanecer #A :
San Clemente, CA 92673 :
 :
jBASE INTERNATIONAL, INC., :
1050 Calle Amanecer #A :
San Clemente, CA 92673 :
 :
PAUL GIOBBI :
1050 Calle Amanecer #A :
San Clemente, CA 92673 :
 :
    Defendants. :

---

    **NOW COMES** the Plaintiff Ashwood Computer Co., Inc. ("Ashwood"), for its Complaint against Defendants Zumasys, Inc. ("Zumasys"), jBASE International, Inc. ("jBASE"), and Paul Giobbi ("Giobbi") (collectively "Defendants"), alleges as follows:

### I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

2. Plaintiff Ashwood is an Ohio corporation with its principal place of business in Cincinnati, Ohio.

3. Defendant Zumasys is a California corporation with its principal place of business in California.

4. Defendant jBASE is an Oregon corporation with its principal place of business in California.

5. Defendant Giobbi is a resident of California.

6. The amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this District and the injury to Plaintiff was suffered in this District.

## II. NATURE OF THE ACTION

8. This is an action under Ohio Revised Code Chapter 1336 (Ohio Uniform Fraudulent Transfer Act) to avoid and recover a fraudulent transfer.

9. After Ashwood asserted substantial contractual and business tort claims against Defendants, jBASE and Zumasys, Defendants jBASE, Zumasys, and Giobbi transferred substantially all of jBASE's revenue-producing assets to Rocket Software, Inc. ("Rocket").

10. Following the sale of jBASE's assets to Rocket, at a subsequent time unknown to Plaintiff, and which Defendants, jBASE, Zumasys, and Giobbi have concealed from Plaintiff and upon belief, Defendants jBASE Zumasys, and/or Giobbi transferred all or substantially all of the proceeds jBASE received from Rocket's purchase of jBASE's assets to Defendants Zumasys and/or Giobbi.

11. The transfer of all or substantially all of jBASE's assets from jBASE to Zumasys and/or Giobbi was made with actual intent to hinder, delay, or defraud Ashwood as a creditor, or alternatively was constructively fraudulent because it was made without reasonably equivalent value while jBASE was insolvent or rendered insolvent thereby.

2

### III. PARTIES

12. Ashwood is a long-standing value-added reseller of jBASE database software.

13. jBASE developed, owned, and licensed the proprietary jBASE database software platform.

14. In or about January 2015, Zumasys acquired jBASE and operated it as a wholly owned subsidiary.

15. Upon information and belief, Defendant Giobbi is the sole or controlling shareholder of both Zumasys and jBASE and exercised complete dominion and control over both Zumasys and jBASE at all relevant times.

16. Zumasys and Giobbi are "insiders" as defined in Ohio Revised Code § 1336.01(G).

### IV. PLAINTIFF'S PRE-EXISTING CLAIM

17. Ashwood entered into a Value-Added Reseller Agreement ("2004 VAR Agreement") with jBASE.

18. In December 2019, Defendants unlawfully terminated and breached the 2004 jBASE-Ashwood VAR Agreement and interfered with Ashwood's contracts and business relationship with Cook Inc.

19. Ashwood asserted claims for breach of contract, tortious interference, and related causes of action against jBASE and Zumasys seeking substantial monetary damages including punitive damages.

20. Those claims constitute a "claim" under Ohio Revised Code § 1336.01(C), whether or not reduced to judgment.

### V. THE ROCKET SOFTWARE TRANSACTION

21. On or about January 1, 2022, Defendants entered into an asset purchase transaction with Rocket Software, Inc.

22. Upon information and belief, pursuant to that transaction, substantially all of jBASE's operating assets were sold, assigned, or otherwise transferred to Rocket.

23. Upon information and belief, the transferred assets included, but were not limited to:

    a. The jBASE database software source code and object code;

    b. All intellectual property rights associated with the jBASE platform;

    c. Customer contracts and maintenance agreements;

    d. Licensing rights and revenue streams;

    e. Goodwill associated with the jBASE brand;

    f. Technical documentation and proprietary materials.

24. The transferred assets constituted all or substantially all of jBASE's income-producing and enterprise-value assets.

25. Following the transaction, jBASE ceased meaningful operations.

26. Upon reasonable belief, at an unknown subsequent date and time, the proceeds and consideration paid by Rocket was distributed out of jBASE to Zumasys and/or to Defendant Giobbi.

27. At an unknown time, sometime subsequent to the sale of jBASE's assets to Rocket, upon belief the consideration paid by Rocket to jBASE was distributed by jBASE to Zumasys and/or to Giobbi for nothing of equivalent value and for substantially less than fair market value and to strip jBASE of assets and the means to satisfy Ashwood's claims.

28. Upon belief, following the distribution of the proceeds from Rocket's purchase of jBASE's assets to Zumasys and/or Giobbi, jBASE did not retain sufficient assets after the transaction to satisfy Ashwood's claims.

29. The Defendants concealed the transfer of jBASE's assets to Zumasys and Giobbi and the transfer of jBASE's assets to Zumasys and/or Giobbi occurred at an unknown time, but after Ashwood's claims had arisen and after litigation was pending.

30. The unknown timing of the transaction coincided with ongoing disputes between Ashwood and Defendants, jBASE and Zumasys.

31. Upon information and belief, the payments from jBASE to Zumasys and/or Giobbi was designed to remove the assets of jBASE from the reach of Ashwood as a creditor.

## VI. INSOLVENCY

32. At the time of the transfer of the payments received by jBASE to Zumasys and/or Giobbi, jBASE had substantial contingent and disputed liabilities, including Ashwood's claims.

33. Following the transfer from jBASE to Zumasys and/or Giobbi, the sum of jBASE's debts exceeded the fair value of its remaining assets.

34. Alternatively, jBASE became insolvent as a result of the transfer of assets from jBASE to Zumasys and/or Giobbi.

35. jBASE was not left with reasonably sufficient capital to continue operations after the transfer or to meet its legal obligations to Ashwood..

## VII. BADGES OF FRAUD (R.C. 1336.04(B))

36. The transfer is believed to have been made at an unknown time after jBASE and Zumasys had been sued under United States District Court for the Southern District of Ohio; case no. 1:20-CV-29 captioned Ashwood Computer Co. v. Zumasys Inc., jBASE International Inc. and Cook Inc.

37. The transfer from jBASE to Zumasys and/or Giobbi involved all or substantially all of jBASE's assets.

5

38. jBASE was rendered insolvent as a result of the transfer.

39. The transfer benefitted insiders, including Zumasys and Giobbi.

40. The Defendants have concealed the transfer of jBASE's assets to Zumasys and Giobbi from Plaintiff to avoid the obligations owed to Plaintiff as pleaded in United States District Court for the Southern District of Ohio; case no. 1:20-CV-29 captioned Ashwood Computer Co. v. Zumasys Inc., jBASE International Inc. and Cook Inc.

41. Upon information and belief, neither Zumasys nor Giobbi paid or gave anything of equivalent value to jBASE in exchange for the distribution of the proceeds to Zumasys and/or Giobbi from the sale of jBASE's assets to Rocket.

42. The timing and circumstances demonstrate actual intent to hinder, delay, or defraud Ashwood.

## COUNT I
## ACTUAL FRAUDULENT TRANSFER
## (Ohio Rev. Code § 1336.04(A)(1))

43. Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

44. Defendants made the transfer with actual intent to hinder, delay, or defraud Plaintiff.

45. The transfer is voidable pursuant to Ohio Revised Code § 1336.07.

## COUNT II
## CONSTRUCTIVE FRAUDULENT TRANSFER
## (Ohio Rev. Code § 1336.05(A)

46. Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

47. Plaintiff's claim arose before the transfer.

48. Defendants did not receive reasonably equivalent value in exchange for the transfer.

49. jBASE was insolvent at the time of the transfer or became insolvent as a result thereof.

50. The transfer is fraudulent pursuant to Ohio Revised Code § 1336.05(A).

## COUNT III
## PIERCING THE CORPORATE VEIL

51. Plaintiff incorporates the preceding paragraphs.

52. Zumasys and Giobbi exercised complete domination and control over jBASE.

53. Such control was exercised to commit fraud or a similarly unlawful act, including effectuating the fraudulent transfer of jBASE's assets to Zumasys and/or Giobbi.

54. Plaintiff suffered injury as a direct and proximate result.

55. The corporate form should be disregarded and Zumasys and/or Giobbi held personally liable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare the transfer from jBASE to Paul Giobbi and/or Zumasys Inc. fraudulent and voidable;

B. Avoid the transfer to the extent necessary to satisfy Plaintiff's claim;

C. Enter judgment against the transferee(s) pursuant to Ohio Revised Code § 1336.08;

D. Impose a constructive trust over the transferred assets or proceeds;

E. Appoint a receiver if necessary;

F. Award compensatory damages in the amount of $20,000,000.00;

G. Award punitive damages as permitted by law;

H. Award attorneys' fees and costs; and

I. Grant such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Dated: Cleveland, Ohio
       March 5, 2026

Respectfully Submitted,

_____
Richard C Alkire, Esq.
Paulozzi Co., LPA
600 E. Granger Road
Second Floor
Independence, OH 44131
216-812-2100
Rick.alkire@lawohio.com
*Attorneys for Plaintiff*

_____
Daniel Shimko, Esq.
SHIMKO LAW, P.C.
300 Cadman Plaza West, 12th Fl
Brooklyn, NY 11201
(718) 504-5533
dshimko@shimkolaw.com